1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SUMMIT ENTERTAINMENT, LLC, a
Delaware limited liability company,

     Plaintiff,

   vs.

ZAZZLE.COM, INC., a California
corporation

     Defendant.

Case No.  CV09 07691 GW (JCx)

**STIPULATED PROTECTIVE
ORDER**

**[CHANGES MADE BY COURT IN
BOLD]**

STIPULATED PROTECTIVE ORDER
CASE NO. CV09 07691 GW (JCx)

Pursuant to the Joint Submission of Proposed Stipulated Protective Order by the parties Plaintiff Summit Entertainment, LLC ("Summit") and Defendant Zazzle.com, Inc. ("Zazzle") (collectively with Summit, the "Parties"), and recognizing that the Parties and non-parties may be required to disclose confidential, proprietary, private and/or trade secret information in this Action and to protect against the improper use or disclosure of such information, and finding that good cause exists for the entry of this Protective Order pursuant to Rule 26(c), in the above-captioned action, IT IS HEREBY ORDERED as follows:

## INFORMATION SUBJECT TO THIS ORDER

1.      **The parties represent that t**he issues raised in this litigation, and the discovery materials required to be produced or disclosed in the course of the litigation, may require the production, disclosure and use of commercially sensitive information, trade secrets, private employee information, sensitive financial information and other information the public disclosure of which could cause serious competitive injury to them.  **The parties represent that t**his is the kind of information which could easily be used by competitors to harm the Parties' business interests.  Accordingly, the Court hereby enters this Protective Order to prevent the disclosure of this **assertedly** sensitive information to third parties and to otherwise protect such **assertedly** confidential and valuable information.

2.      For the purposes of this Order, "Confidential Information" shall mean and include proprietary information not generally known to the public that the designating party would not disclose to competitors or third parties within the ordinary course of business, including trade secrets as defined by Cal. Civ. Code § 3426.1, research and development, technical information, commercial information (including financial, marketing and business information), or financial information that the party (or any predecessor in interest to a party) regards as confidential which has been designated by the producing party as "CONFIDENTIAL" pursuant to the terms of this Order and which the designating party believes in good faith to warrant production under the

1  standards pursuant to Fed. R. Civ. P. 26(c).  **The parties represent that the d**isclosure

2  of these documents and information to the general public could result in specific

3  commercial or reputational harm or prejudice to the designating party, including the loss

4  of valuable trade secrets and pecuniary damage to the disclosing party's business.  The

5  term "Documents" shall mean every means of recording any form of communication or

6  representation upon any tangible thing, including letters, words, pictures, sounds, or

7  symbols, or combinations thereof, whether recorded by handwriting, printing,

8  photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM

9  or any other form of data storage, data compilation, or mechanical or electronic

10  recording, and all other tangible things, including writings, drawings, graphs, charts,

11  photographs, sound recordings, images, and other data or data compilations stored in

12  any medium from which information can be obtained, which come within the meaning

13  of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the

14  meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of

15  Civil Procedure.

16        3.     For the purposes of this Order, "Highly Confidential – Attorneys' Eyes

17  Only Information" shall mean information meeting the definition of Confidential

18  Information set forth in Paragraph 2 that the designating party believes in good faith

19  could cause it to suffer substantial competitive harm if publicly known or known by

20  agents or employees of the parties who would have access under this Order only to

21  Confidential Information, and which has been designated by the producing party as

22  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of

23  this Order.

24        4.     Notwithstanding Paragraphs 2 and 3, the following information is neither

25  Confidential Information nor Highly Confidential – Attorneys' Eyes Only Information:

26           (a)     any information that at the time of disclosure to a receiving party is

27                   in the public domain, as evidenced by a written document;

28

(b)     any information that, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or breach of an obligation of confidentiality to the producing party, as evidenced by a written document;

(c)     any information known to the receiving party prior to the disclosure, as evidenced by a written document; and

(d)     any information obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

Nothing in this Protective Order shall preclude any party from disclosing or using, in any manner or for any purpose, any information described above in subparagraphs (a)-(d) of this Paragraph.

5.     Absent a specific order by the Court, all information produced in this litigation designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used by the parties and their attorneys solely in connection with and for purposes of this litigation and for the benefit of the named parties in this litigation, except as provided herein. Any use or disclosure of such information that is outside of this strict scope of use shall be a violation of this Order.

## DESIGNATING CONFIDENTIAL INFORMATION

6.     With respect to documents produced by a party, a confidentiality designation shall be made by the party producing the document, at the time of production (or as may be agreed to by the parties), by labeling or marking the document with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page to which the designation applies. Any response to written interrogatories or requests for admission (or any portion thereof) or other written submission that constitutes or contains Confidential Information or Highly Confidential

1 – Attorneys' Eyes Only Information shall be labeled or marked with the appropriate
2 legend by the party providing the response.

3      7.      All or portions of depositions or other testimony, and exhibits thereto, may
4 be designated by a party or the witness being examined as "CONFIDENTIAL" or
5 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" orally at the time of the
6 examination or in writing within ten (10) calendar days after receipt of the transcript.
7 Post-deposition designation shall be specific by page and exhibit as appropriate.  Until
8 expiration of  ten (10) calendar day designation period, the entire transcript with
9 exhibits shall be considered "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
10 ONLY" and protected from disclosure under this Order.  Documents that are used as
11 exhibits and are already designated as "CONFIDENTIAL" or "HIGHLY
12 CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall keep their confidentiality
13 designation.  Notwithstanding any automatic or specific designations under this
14 paragraph, the other party may object to "CONFIDENTIAL" or "HIGHLY
15 CONFIDENTIAL -- ATTORNEYS' EYES ONLY" designations in accordance with
16 paragraph 11.  Either party shall have the right to exclude from attendance at said
17 deposition, during such time as material designated "CONFIDENTIAL" or "HIGHLY
18 CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is to be referenced or disclosed,
19 every individual excluding the deponent and his attorney, the court reporter,
20 videographer and those individuals authorized under this Protective Order to receive, as
21 the case may be, Confidential Information or Highly Confidential – Attorneys' Eyes
22 Only Information.

23      8.      In the event the producing party elects to produce materials for inspection,
24 no marking need be made by the producing party in advance of the initial inspection.
25 For purposes of the initial inspection, all materials produced shall be considered as
26 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, and shall be
27 treated as such pursuant to the terms of this Order.  Thereafter, upon selection of
28 specified materials for copying by the inspecting party, the producing party shall

1  produce to the inspecting party, within a reasonable time, marked copies of those
2  materials that contain Confidential Information or Highly Confidential – Attorneys'
3  Eyes Only Information with the appropriate confidentiality marking.

4        9.      If it comes to a producing party's attention that information or items that it
5  designated for protection do not qualify for protection at all, or do not qualify for the
6  level of protection initially asserted, that producing party must promptly notify the other
7  parties that it is withdrawing the mistaken designation.

8                    **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

9        10.     The parties shall use reasonable care when designating documents or
10  information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
11  EYES ONLY."  **The parties shall not argue that t**he acceptance by a party of
12  documents or information designated "CONFIDENTIAL" or "HIGHLY
13  CONFIDENTIAL – ATTORNEYS' EYES ONLY" [  ] constitute**s** an agreement,
14  admission, or concession, or permit**s** an inference, that the materials are in fact properly
15  designated or subject to protection under Federal Rule of Civil Procedure 26(c) or on
16  any other basis.  Nothing in this Order shall be construed to prevent any party from
17  objecting to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
18  EYES ONLY" designation as outside the scope of this Order or Federal Rule of Civil
19  Procedure 26(c).

20       11.     A party shall not be obliged to challenge the propriety of a designation of
21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
22  at the time made, and failure to do so shall not preclude a subsequent challenge thereto.
23  If, after receiving information designated as "CONFIDENTIAL" or "HIGHLY
24  CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  a receiving party believes that
25  such information does not meet the requirements for such designation, the receiving
26  party shall notify the producing party and request the designation be removed in a letter
27  complying with Local Rule 37-1.  Within ten (10) calendar days after receipt of such
28  notice, the producing party shall advise the receiving party in writing whether it will or

STIPULATED PROTECTIVE ORDER                          -6-
CASE NO. CV09 07691 GW (JCx)

will not withdraw the designation.  If the producing party fails to communicate in writing its agreement to release confidentiality within the prescribed ten (10) calendar days, it shall be deemed to have refused.  This ten (10) calendar day period shall satisfy the ten (10) calendar day pre-filing conference period required by Local Rule 37-1.  The receiving party shall seek to reach agreement with the designating party to withdraw the designation; if agreement cannot be reached between counsel, a written motion may be made to this Court by the receiving party, in conformance with Central District Local Rules 37-1 through 37-4, for an Order removing the designation from specified documents or testimony.  Any documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and any filing made under seal to which an objection has been made shall not be disclosed in any manner inconsistent with this Order until such matter has been resolved by agreement of the parties or by Court Order.  Any voluntary change by the producing party of the designation of any information shall not, in any way, affect the Court's determination as to whether or not any information is entitled to the requested status.

### <u>PERSONS QUALIFIED TO RECEIVE CONFIDENTIAL INFORMATION</u>

12.    Materials designated as "CONFIDENTIAL" and filings made under seal with such material may be inspected by and disclosed only to the following persons and only for the purpose of conducting this litigation:

(a)    the Court (and any appellate court) and its employees (none of whom are required to sign on to or comply with the provisions of the stipulated Protective Order);

(b)    any person who authored or received the information or document in the ordinary course of business, or any person whose counsel or any counsel of record has a good faith basis to believe is eligible to review the information or document under this subparagraph to the extent necessary to determine such eligibility;

STIPULATED PROTECTIVE ORDER
CASE NO. CV09 07691 GW (JCx)                    -7-

(c)  For Summit: Manatt, Phelps & Phillips, LLP; for Zazzle: Wilson Sonsini Goodrich & Rosati; and the employees, including supporting personnel employed or retained by each of the above, such as paralegals, consultants, translators, interpreters, secretaries, clerks, stenographers or videographers, document copying or scanning services, and data entry or data processing staff of each of the above;

(d)  any in-house attorney of Summit or Zazzle with responsibility for this litigation and any officer, director or employee of Summit or Zazzle, to the extent deemed necessary by counsel for purposes only in connection with this litigation, subject to the conditions set forth in Paragraph 15;

(e)  outside expert witnesses or consultants with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, and their respective secretarial, clerical, and supporting personnel, subject to the conditions set forth in Paragraphs 15 and 16;

(f)  third-party court reporting services, and third-party duplicating, document handling and/or imaging services;

(g)  subject to the conditions set forth in Paragraph 15, persons and/or entities who have been retained by the receiving party or its counsel specifically to consult with regard to jury-related issues or trial-related issues, including the composition of the jury in this matter, or to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this matter (collectively referred to as "Trial Preparation Consultants"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Trial Preparation Consultant in connection with this matter; and

STIPULATED PROTECTIVE ORDER
CASE NO. CV09 07691 GW (JCx)

-8-

1    (h)    any other persons upon such terms and conditions as the parties may
2           agree or as the Court by order directs.
3    13.    Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS'
4    EYES ONLY" and filings made under seal with such material may be inspected by and
5    disclosed only to the following persons and only for the purpose of conducting this
6    litigation:

7    (a)    the Court (and any appellate court) and its employees (none of
8           whom are required to sign on to or comply with the provisions of
9           the stipulated Protective Order);
10   (b)    any person who authored or received the information or document
11          in the ordinary course of business, or to any person whose counsel
12          or any counsel of record has a good faith basis to believe is eligible
13          to review the information or document under this subparagraph to
14          the extent necessary to determine such eligibility;
15   (c)    For Summit: Manatt, Phelps & Phillips, LLP; for Zazzle: Wilson
16          Sonsini Goodrich & Rosati; and the employees, including
17          supporting personnel employed or retained by each of the above,
18          such as paralegals, consultants, translators, interpreters, secretaries,
19          clerks, stenographers or videographers, document copying or
20          scanning services, and data entry or data processing staff of each of
21          the above;
22   (d)    the General Counsel for each of Summit and Zazzle, subject to the
23          conditions set forth in Paragraph 15;
24   (e)    outside expert witnesses or consultants with whom counsel may
25          deem it necessary to consult concerning technical, financial, or
26          other aspects of this case for the preparation or trial thereof, and
27          their respective secretarial, clerical, and supporting personnel,
28          subject to the conditions set forth in Paragraphs 15 and 16;

STIPULATED PROTECTIVE ORDER
CASE NO. CV09 07691 GW (JCx)                                    -9-

1      (f)     third-party court reporting services, and third-party duplicating,

2             document handling and/or imaging services;

3      (g)    subject to the conditions set forth in Paragraph 15, persons and/or

4             entities who have been retained by the receiving party or its counsel

5             specifically to consult with regard to jury-related issues or trial-

6             related issues, including the composition of the jury in this matter,

7             or to prepare demonstrative or other exhibits for deposition, trial or

8             other court proceedings in this matter (collectively referred to as

9             "Trial Preparation Consultants"), and persons regularly employed

10            by them, to the extent necessary when working under the

11            supervision of such a Trial Preparation Consultant in connection

12            with this matter; and

13      (h)    any other persons upon such terms and conditions as the parties may

14             agree or as the Court by order directs.

15     14.    The persons described in Paragraphs 12 and 13 above shall not disclose

16 Confidential Information or Highly Confidential – Attorneys' Eyes Only Information to

17 any other person except in conformance with this Order.

18     15.    **[ ] M**aterials designated "CONFIDENTIAL" or "HIGHLY

19 CONFIDENTIAL – ATTORNEYS' EYES ONLY" and filings made under seal with

20 such material may **not** be disclosed to persons identified in Paragraphs 12(d), 12(e),

21 12(g), 13(d), 13(e), or 13(g), or the employees of any entities identified in Paragraphs

22 12(g) or 13(g), **unless, prior to such disclosure,** each person to whom the disclosure is

23 to be made **[ ]** complete**s** and sign**s** the Declaration attached hereto as Attachment A

24 stating that he or she has read and understands this Order and agrees to be bound by its

25 terms.

26     16.    Five (5) court days written notice must be given to the designating party

27 before materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28 ATTORNEYS' EYES ONLY" and filings made under seal with such material may be

1   disclosed to persons identified in Paragraphs 12(e) and 13(e) if such persons have

2   worked, currently perform work, and/or at the time of disclosure are anticipated to

3   perform work (whether as an employee, consultant, or in any other capacity) for any

4   Party or any Competitor of Zazzle.  A "Competitor of Zazzle" means any print-on-

5   demand person or entity, and/or any other person or entity that owns or operates a

6   website that hosts user generated content.  Competitors of Zazzle include but are not

7   limited to CafePress, Spreadshirt, and/or Youneek.  The notice shall include a) an

8   identification of the expert witness or consultant by name and address, b) a copy of the

9   expert witness' or consultant's current curriculum vitae or resume, c) a list of all cases

10  in which the expert witness or consultant testified as an expert at trial or by deposition

11  during the previous four years, d) a list of the expert witness' or consultant's

12  engagements for the past five years for any Party or any Competitor of Zazzle (as

13  defined above in this paragraph), and e) a completed and signed Declaration attached

14  hereto as Attachment A stating that he or she has read and understands this Order and

15  agrees to be bound by its terms.  In addition, any non-clerical persons who will assist

16  the persons identified in Paragraphs 12(e) and 13(e) and have access to Confidential

17  Information or Highly Confidential – Attorneys' Eyes Only Information **shall not be**

18  **afforded such access unless, prior to such access being afforded, each** such person

19  [  ] completes and signs the Declaration attached hereto as Attachment A stating that he

20  or she has read and understands this Order and agrees to be bound by its terms if such

21  non-clerical persons have worked, currently perform work, and/or at the time of

22  disclosure are anticipated to perform work (whether as an employee, consultant, or in

23  any other capacity) for any Party or any Competitor of Zazzle (as defined above in this

24  paragraph).  A copy of the completed and signed Declaration shall then be sent via

25  email, with confirmation by mail, to counsel for the party producing the Confidential

26  Information or Highly Confidential – Attorneys' Eyes Only Information.  Nothing in

27  this paragraph shall affect or change the parties' obligations under or the requirements

28  of Rule 26(a) of the Federal Rules of Civil Procedure.

STIPULATED PROTECTIVE ORDER
CASE NO. CV09 07691 GW (JCx)                                  -11-

1       17.    Nothing in this Order shall be construed to require the producing party or

2   any employee of such party to execute the Declaration prior to accessing or reviewing

3   its own Confidential Information or Highly Confidential – Attorneys' Eyes Only

4   Information, or to prevent the producing party from disclosing its own Confidential

5   Information or Highly Confidential – Attorneys' Eyes Only Information.

6       **OBJECTIONS TO DISCLOSURE OF CONFIDENTIAL INFORMATION**

7       18.    If an objection to disclosure of Confidential Information or Highly

8   Confidential – Attorneys' Eyes Only Information is made, the parties shall attempt to

9   informally resolve the objection before the party proposing disclosure seeks relief from

10  the Court.

11      19.    If the party proposing disclosure of Confidential Information or Highly

12  Confidential – Attorneys' Eyes Only Information to persons identified in Paragraphs

13  12(e) and 13(e) receives an objection to such disclosure during the five (5) court days

14  notice period under Paragraph 16, there shall be no disclosure to the proposed receiving

15  party until such objection is resolved or until the objection is waived as set forth below.

16  This objection shall serve in lieu of the Local Rule 37-1 request letter.  The parties shall

17  meet and confer within five (5) court days after receipt by the party proposing

18  disclosure.  If the parties cannot informally resolve an objection to the disclosure of

19  Confidential Information or Highly Confidential – Attorneys' Eyes Only Information

20  pursuant to Local Rule 37-1, the objecting party must file a motion with the Court

21  objecting to the disclosure and seeking a protective order.  The objecting party must

22  provide its portion of the Joint Stipulation pursuant to Local Rule 37-2 to the disclosing

23  party within five (5) court days after the parties have conducted their meet and confer.

24  Once the party proposing disclosure provides its opposing portion of the Joint

25  Stipulation to the objecting party pursuant to Local Rule 37-2.2 (within five (5) court

26  days of its receipt of the moving party's portion of the Joint Stipulation), the objecting

27  party shall have one (1) court day to compile the final Joint Stipulation and provide it to

28  the disclosing party pursuant to Local Rule 37-2.2.  The objecting party must file its

motion and the Joint Stipulation within one (1) court day of receiving opposing counsel's signature or authorization to file.  The parties will otherwise comply with Local Rule 37 in resolving such objections.  If the objecting party fails to file a motion pursuant to this Paragraph for a protective order within the prescribed period, any objection to the disclosure is waived, and the designated materials may be disclosed in conformance with the other terms of this Order.  Where a motion is filed by the objecting party pursuant to this Paragraph, no Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be disclosed to such person until the matter has been ruled upon by the Court or otherwise resolved.

## **INADVERTENT DISCLOSURE**

20.     If a party inadvertently produces or provides discovery of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information without designating, labeling or marking it with the appropriate legend as provided in this Order, the producing party may give written notice to the receiving party or parties that the document, or other information, response or testimony is confidential and should be treated in accordance with the provisions of this Order.  The receiving party or parties must treat such documents, information, responses and testimony as designated from the date that such notice is received.  Disclosure of such documents, information, responses or testimony prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall not be deemed a violation of this Order; however, those persons to whom disclosure was made are to be advised that the previously disclosed material is Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and must be treated in accordance with this Order.  If the producing party chooses instead to produce new copies of the discovery marked with the appropriate legend, the receiving party shall substitute the new copies for the previous copies, including but not limited to recalling any copies from any expert or consultant and substituting correct copies.

21.     If Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is disclosed to anyone not authorized to receive it under this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and make every **reasonable** effort to prevent further disclosure by, among other things, retrieving all disclosed material and copies of materials and making good faith efforts to have all authorized persons to whom disclosure was made sign the Declaration attached hereto as Attachment A.

22.     Any discovery motion concerning modification of any term of this Protective Order must be filed in compliance with the procedures in Local Rule 37 of the United States District Court for the Central District of California.  No modification of this Protective Order will have the force of a court order unless the Court approves of the modification.

## FILING DESIGNATED MATERIALS WITH THE COURT

23.     A party filing with the Court any materials that include information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must **submit such materials for filing** under seal in conformance with Central District Local Rule 79-5 and any other relevant rules and procedures of this Court unless it obtains written permission from the producing party or a Court order **authorizing it to proceed otherwise**.  The **submission of designated materials for filing** under seal does not compromise the designated status of such information, and any producing party may seek to have such information maintained, by the Court, as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.  Nothing in this Paragraph shall preclude a party from delivering an additional courtesy copy of any paper containing designated materials, which copy is not sealed, directly to the judge(s) responsible for the litigation.

24.     Any application to file documents under seal must comply with Central District Local Rule 79-5, should seek to file under seal only those portions of the

materials that are designated, should be supported by the appropriate showing, and should be made to the judicial officer presiding over the proceedings in question.

25.     Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and all items which reveal the contents thereof to be filed with the Court by any party or non-party shall be filed in sealed envelopes or other appropriately sealed containers on which shall appear a legend which provides as follows:

**SUBMITTED FOR FILING** UNDER SEAL

CONTAINS CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER

The enclosed materials are subject to a Protective Order of the United States District Court for the Central District of California.  This envelope may not be opened without Court Order by any person other than this Court, court personnel or counsel of record.

26.  Any papers submitted to the Court that contain, refer to, or rely on Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall identify the particular aspects that are designated material.

**THIRD PARTIES AND ADDITIONAL PARTIES**

27.     Third parties, including witnesses, who provide discovery in this action may invoke all provisions of this Order as to that discovery, and [ ] the parties to this Order will treat all material designated by such third parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Order.  A third party's use of this Order to protect its Confidential Information or Highly Confidential – Attorneys' Eyes Only Information does not entitle that third party access to Confidential Information or Highly Confidential – Attorneys' Eyes Only Information produced by any party in this case.

28.     Any documents or information produced pursuant to Federal Rule of Civil Procedure 45 or other formal legal process by a third party (including, but not limited to, the Parties' vendors, accountants, agents, customers, business partners, or licensees) will

provisionally be treated as though designated HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY for five (5) court days after production of such
information to all parties, or, in the case of **deposition** testimony, for ten (10) court days
after the transcript is available from the court reporter.  Before the expiration of that
period, a party may designate information produced by the third party for protection by
providing written notice that identifies the specific documents, portions of documents or
testimony subject to protection and that specifies the level of protection being asserted
("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY").  Within ten (10) court days after the expiration of that period, the designating
party shall provide the other parties with a replacement copy of any affected documents
or information bearing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
– ATTORNEYS' EYES ONLY" on each page so designated.

29.    In the event that one or more parties are added or substituted into this
action by any means including consolidation with another action, this Order shall be
binding on and shall inure to the benefit of such new parties, subject to the right of such
new parties (other than a subsidiary of a party who is already bound by this Order) to
seek relief from or modification of this Order.  Said parties who join or are added or
substituted into this action shall not have access to Confidential Information or Highly
Confidential – Attorneys' Eyes Only Information until the newly joined party or its
counsel has executed, and filed with the Court, its agreement to be bound by this Order
**or has obtained relief from or modification of this Order.**

## **STORAGE OF PROTECTED MATERIALS**

30.    All CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY INFORMATION shall be stored under the direct control
of outside counsel of record or persons approved to inspect the information under
Paragraphs 12 and 13 of this Order who shall maintain the information in a secure and
safe area and shall exercise the same standard of due and proper care with respect to the
storage, custody, use and/or dissemination of the material as is exercised by the

STIPULATED PROTECTIVE ORDER                    -16-
CASE NO. CV09 07691 GW (JCx)

receiving party with respect to its own comparable proprietary information, but not less than a reasonable standard of due and proper care, and shall be responsible for preventing any disclosure of the material, except in accordance with the terms of this Order.

## MISCELLANEOUS PROVISIONS

31.     Each person who receives any Confidential Information or Highly Confidential – Attorneys' Eyes Only information in accordance with any provision of this Order thereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

32.     If a third party, another court, or an agency orders the production of information designated for protection under this Order, the ordered party shall promptly notify the producing party who designated the information of the order or subpoena so that the producing party may take steps to ensure its Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is protected.  **[    ].**

33.     This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

34.     This Order shall not prevent or prejudice any party from applying to the Court for relief from or modification to this Order or for further or additional protection. Likewise, the parties may agree to a modification of this Order subject to the Court's approval.

35.     Nothing herein shall be construed to affect or limit in any way the admissibility of any document, testimony or other evidence at trial.

36.     Nothing in this order will prevent the parties from seeking an order to implement alternative or additional protections for designated material at trial.

37.     Unless otherwise ordered or agreed in writing by the producing party, within sixty (60) days of the final termination of this litigation (final judgment,

STIPULATED PROTECTIVE ORDER
CASE NO. CV09 07691 GW (JCx)

-17-

including the exhaustion of all appeals, or dismissal with prejudice pursuant to a settlement agreement), all materials designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" produced by any party and any copies of all such materials **(except materials in the possession of the Court or Court personnel)** shall, upon request by the producing party, either be returned by counsel of record for the receiving party or destroyed, at the receiving party's option.  The obligation to return or destroy designated materials includes all materials, including any copy or derivative work product, provided to any outside vendor, expert or consultant.  If the receiving party destroys the documents, it shall provide written certification of the destruction to the producing party.  Notwithstanding this provision, receiving outside counsel may retain one archival copy of all pleadings, motions papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests, objections and responses to discovery requests (not including documents produced), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or other attorney work product, even if such materials contain designated materials.  Any such archival copy that contains or constitutes designated materials under this Order remains subject to this Order.  **[   ].**

38.    All obligations and duties arising under this Order shall survive the termination of this action.  This Court shall retain jurisdiction indefinitely with respect to any dispute regarding the improper use of designated confidential information, to modify the terms of this Order, or to enter further Orders respecting confidentiality, as may be necessary.

39.    Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as

1  expressly provided, shall not relieve any party of the obligation of producing

2  information in the course of discovery.

3       40.    In the event anyone **bound by this Protective Order** shall violate or

4  threaten to violate the terms of this Protective Order, the aggrieved party may

5  immediately apply to obtain injunctive relief against any such person [ ], and in the

6  event the aggrieved party shall do so, the respondent person, subject to the provisions of

7  this Protective Order, shall not employ as a defense thereto the claim that the aggrieved

8  party possesses an adequate remedy at law.  The parties and any other person subject to

9  the terms of this Protective Order agree that this Court shall retain jurisdiction over it

10  and them for the purpose of enforcing this Protective Order.  The foregoing shall not be

11  construed as limiting a party's right to seek other remedies, including damages, if any,

12  in the event of a violation of this Protective Order.

13       41.    No part of the restrictions imposed by this Order may be waived or

14  terminated, except by the written stipulation executed by counsel of record for each

15  party, or by an order of the Court for good cause shown.  The restrictions provided

16  herein shall not terminate upon the conclusion of this lawsuit, but shall continue until

17  further order of this Court.

18       **IT IS SO ORDERED.**

19

20  Dated:  January 14, 2010        _____
                                                                        /s/
21                                       Honorable Jacqueline Chooljian
                                                                        United States Magistrate Judge

22

23

24

25

26

27

28

# ATTACHMENT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ZAZZLE.COM, INC., a California corporation<br><br>　　　　Defendants. | Case No.  CV09 07691 GW (JCx)<br><br>**PROTECTIVE ORDER ACKNOWLEDGEMENT AND DECLARATION** |

I, _____, state the following:

1.　I reside at _____.

2.　My present employer is _____.

3.　My present occupation or job description is _____.

4.　I have read the Protective Order in this action and understand its provisions.  I hereby promise and agree to be bound by its terms, and promise and agree to maintain, pursuant thereto, the confidentiality of all information furnished to me which has been designated as such under that Order.  I understand that these promises are conditions precedent to my receipt of any such information.

PROTECTIVE ORDER ACKNOWLEDGEMENT AND DECLARATION
CASE NO. CV09 07691 GW (JCx)

5.      I understand that I am to retain all copies of any documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Confidential Information or Highly Confidential Attorneys' Eyes Only Information are to be destroyed or returned to counsel who provided me with such material.

6.      I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Order and to take steps to ensure their compliance with the terms of the Protective Order.

7.      I agree to submit myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the terms of this Acknowledgment and Declaration.

8.      I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

9.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20__.            _____

PROTECTIVE ORDER ACKNOWLEDGEMENT AND DECLARATION
CASE NO. CV09 07691 GW (JCx)