1   MANATT, PHELPS & PHILLIPS, LLP
    Jill M. Pietrini, Esq. (State Bar No. 138335)
2   jpietrini@manatt.com
    11355 West Olympic Blvd.
3   Los Angeles, CA 90064-1614
    Telephone: (310) 312-4000
4   Facsimile: (310) 312-4224

5   MANATT, PHELPS & PHILLIPS, LLP
    Kimo Peluso (*Pro Hac Vice*)
6   kpeluso@manatt.com
    7 Times Square
7   New York, NY 10036
    Telephone: (212) 790-4570
8   Facsimile: (212)536-1817

9   *Attorneys For Plaintiff*
    SUMMIT ENTERTAINMENT, LLC
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                   WESTERN DIVISION

14

15  SUMMIT ENTERTAINMENT, LLC,          No.  CV09-07691 GW (JCx)
    a Delaware limited liability company,
16                                       **PLAINTIFF'S REPLY TO**
                   Plaintiff,            **AMENDED COUNTERCLAIMS**
17
            vs.
18                                       Complaint filed: October 22, 2009
    ZAZZLE.COM., INC., a California
19  corporation,
                                         **(DEMAND FOR JURY TRIAL)**
20                 Defendant.

21

22        **PLAINTIFF'S REPLY TO AMENDED COUNTERCLAIMS**

23        Plaintiff and Counter-Defendant Summit Entertainment, LLC ("Summit"),

24  by its undersigned counsel Manatt, Phelps & Phillips, LLP, hereby replies to the

25  Amended Counterclaims of Defendant and Counterclaimant Zazzle.com, Inc.

26  ("Zazzle"), filed on April 19, 2010 as part of Zazzle's Answer to First Amended

27  Complaint and Amended Related Counterclaims (Dkt. No. 35), as follows:

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
NEW YORK

1        1.     Summit denies knowledge and information sufficient to form a belief
2   as to the allegations of paragraph 1, except admits that Zazzle operates zazzle.com,
3   that Zazzle is an on-demand retail platform, that zazzle.com manufactures and sells
4   products requested by users and, in certain instances, users can offer their products
5   for sale to others.

6        2.     Summit denies the allegations of paragraph 2, except admits that
7   Summit sent letters to Zazzle dated November 10, 2008 and August 13, 2009, and
8   demanded that Zazzle cease infringing Summit's copyrights and trademarks related
9   to the *Twilight* series of motion pictures.

10        3.     Summit denies knowledge and information sufficient to form a belief
11   as to the allegations of paragraph 3.

12        4.     Summit denies knowledge and information sufficient to form a belief
13   as to the allegations of paragraph 4.

14        5.     Summit denies the allegations of paragraph 5.

15        6.     Summit admits the allegations of paragraph 6.

16        7.     Summit states that paragraph 7 contains only legal conclusions to
17   which no response is required.

18        8.     Summit denies the allegations of paragraph 8, except admits that
19   Zazzle seeks the relief so stated.

20        9.     Summit states that paragraph 9 contains only legal conclusions to
21   which no response is required, but admits this Court has subject matter jurisdiction
22   over this action.

23        10.     Summit states that paragraph 10 contains only legal conclusions to
24   which no response is required, but admits that venue is proper in this district.

25        11.     Summit admits the allegations of paragraph 11.

26        12.     Summit admits the allegations of paragraph 12.

27        13.     Summit re-alleges and incorporates by reference each and every
28   response contained in paragraphs 1-12, as though fully set forth herein.

14.     Summit admits the allegations of paragraph 14.

15.     Summit denies the allegations of paragraph 15, except admits that Zazzle has, in its Answer to Complaint and Related Counterclaims, denied copyright infringement.

16.     Summit states that paragraph 16 contains only legal conclusions to which no response is required.

17.     Summit denies the allegations of paragraph 17, except admits that Zazzle seeks the relief so stated.

18.     Summit re-alleges and incorporates by reference each and every response contained in paragraphs 1-17, as though fully set forth herein.

19.     Summit admits the allegations of paragraph 19.

20.     Summit denies the allegations of paragraph 20, except admits that Zazzle has, in its Answer to Complaint and Related Counterclaims, denied trademark infringement.

21.     Summit states that paragraph 21 contains only legal conclusions to which no response is required.

22.     Summit denies the allegations of paragraph 22, except admits that Zazzle seeks the relief so stated.

## **PRAYER FOR RELIEF**

WHEREFORE, Summit prays that this Court enter judgment against Zazzle as follows:

1.      Dismissing Zazzle's amended counterclaims.

2.      Declaring that Zazzle has violated 15 U.S.C. § 1125(a) and the common law, has infringed Summit's trademark rights, has infringed Summit's copyright under 17 U.S.C. § 501, has violated 15 U.S.C. § 1125(c)(1) and Cal. Bus. & Prof. Code § 14330, and has violated Cal. Bus. & Prof. Code § 17200 and the common law by engaging in unlawful, unfair, and fraudulent business practices.

1      3.      Ordering such other relief requested in Summit's Complaint, including

2  any amendments thereto filed after this Reply.

3      4.      Ordering such other relief as the Court deems just and proper.

4                                      Respectfully submitted,

5                                      MANATT, PHELPS & PHILLIPS, LLP
                                       Jill M. Pietrini
6                                      Kimo S. Peluso

7

8  Dated:   May 7, 2010              By: /s/ Kimo S. Peluso
                                          Kimo S. Peluso
9                                         *Attorneys for Plaintiff*
                                          SUMMIT ENTERTAINMENT, LLC
10

11

12  200021351.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28